### 15840.   MACON AUTO COMPANY *v.* DOMINGOS.

STEPHENS, J.   1. A plea in the nature of a counterclaim, which alleges that the defendant, prior to a given date, had been employed by the plaintiff at a salary of fifty dollars a week, and that the plaintiff, through its authorized agent, on the date alleged, stated to the defendant that the plaintiff "could only pay him the sum of forty dollars per week for his services, but that the difference between the sum he was then getting, to wit, fifty dollars, and the sum which he would pay him, to wit, forty dollars per week, would be paid, that the reduction was only a temporary proposition until the company could get the money to pay full salaries," that the plaintiff, through its au-

thorized agent, "has, at divers times since defendant's salary was reduced as aforesaid, stated that the sums due on back salary would be caught up and paid, and that defendant did not, at the time plaintiff failed and refused to. pay him his salary as aforesaid, accede to the reduction of his salary or make any new contract and agreement to work for plaintiff other than for the sum of fifty dollars per week as aforesaid," does not allege a contract by which the plaintiff is to pay the defendant fifty dollars a week, where ten dollars of such sum is held back weekly, to be paid to the defendant upon the happening of the contingency mentioned, but alleges a contract by the terms of which the defendant is to work for only forty dollars a week, with an additional promise upon the part of the plaintiff to pay the defendant an additional sum of ten dollars a week upon the happening of the contingency mentioned. Assuming that the allegations of the plea are susceptible of the former construction, they are equally susceptible of the latter construction. Construing the plea, as must be done, most strongly against the pleader, it must be given the latter construction. Construing the plea most strongly against the pleader, the allegation therein that the defendant did not "make any new contract and agreement to work for plaintiff other than for the sum of fifty dollars per week as aforesaid" must be construed as an allegation that the contract was "as aforesaid," to the effect that the defendant was employed to work for the plaintiff for the sum of forty dollars per week, with an additional promise upon the part of the plaintiff to pay the defendant an additional sum of ten dollars a week upon the happening of the contingency mentioned. This construction of the defendant's plea is in accordance with the construction which the defendant himself places thereon, as is evidenced by other allegations in the plea, wherein the defendant alleges the happening of the contingency mentioned as a condition to the plaintiff's obligation to pay the additional ten dollars a week.

2. Assuming (but not deciding) that the alleged contract itself is not void for uncertainty and indefiniteness, the contingency upon which depends the defendant's right to recover the additional ten dollars per week being the ability of the plaintiff "to get the money to pay full salaries," an allegation that thereafter, during a certain period, "there were net earnings made by the plaintiff in conducting its business aggregating three thousand dollars or other large sums," is insufficient to show the plaintiff's ability "to pay full salaries," in that it does not appear therefrom that the plaintiff's business was in such a condition, notwithstanding such net earnings, that it could pay full salaries.

3. This being a suit upon an account in the municipal court, where the defendant, in his plea, denies the correctness of the account sued upon, and in addition thereto files a plea in the nature of a counterclaim, the trial judge properly struck the defendant's plea of counterclaim, upon demurrer thereto filed by the plaintiff.

4. It not appearing from the record what evidence, if any, was introduced in the trial court upon the issue raised by the defendant's general denial of the allegations of the plaintiff's petition after the defendant's plea of counterclaim had been stricken, and the only alleged error insisted upon by the defendant in his petition for certiorari being that

the judge of the municipal court erred in striking his plea of counter-claim, this court will conclude that the verdict and judgment rendered for the plaintiff in the municipal court in the amount sued for was, as a matter of law, demanded. Since the judge of the municipal court properly struck the defendant's plea of counterclaim, the judge of the superior court erred in sustaining the certiorari.

Judgment reversed. <em>Jenkins, P. J., and Bell, J., concur.</em>

DECIDED SEPTEMBER 1, 1925.

Certiorari; from Bibb superior court—Judge Matthews. June 27, 1924.

*Jones, Park & Johnston,* for plaintiff.

*Walter DeFore, James C. Estes,* for defendant.